### LUCY J. MURRAY
#### V.
### BENJAMIN D. STRANG.

*Administration — Exception to Report — Life Insurance — Benevolent Association — Beneficiaries — " Legal Representatives."*

Upon exceptions filed to a report of an administratrix by a creditor of the estate of her deceased husband, touching her failure to charge herself with the proceeds of a certificate in a benevolent association of which her husband was a member, it is *held:* That, in accordance with the intention of the parties, the words " legal representatives " are to be construed as referring to the widow, orphans and heirs of the deceased; and that the administratrix is not chargeable as such with the proceeds of said certificate.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Green County; the Hon. G. W. HERDMAN, Judge, presiding.

Murray v. Strang.

Messrs. John W. Starkey and Brown & Kirby, for appellant.

A corporation, public or private, possesses and can exercise no other powers than those specifically conferred by the act creating it, or such as are incidental or necessary to carry into effect the purposes for which it was created. Caldwell v. City of Alton, 33 Ill. 416; Chicago v. Rumpff, 45 Ill. 90.

The contract of the corporation must be construed so as to carry out the purposes for which it was organized. Benefit Association v. Sears et al., 114 Ill. 108; Covenant Benefit Association v. Spies, 114 Ill. 463–468.

The by-laws and constitution of an association are evidence for the purpose of determining the character of the contract made with its members. Covenant Benefit Association v. Spies, 114 Ill. 463; Highland v. Highland, 109 Ill. 366.

The nature and purposes for which a corporation was created is the controlling consideration in determining its by-laws, and if they are foreign to its character and a departure from its purposes, they are void. If otherwise, and they are in harmony with the general laws of the State, they are valid. People v. Chicago Board of Trade, 45 Ill. 112.

Associations and societies which are intended to benefit widows, orphans and devisees of deceased members thereof, and members who have received a permanent disability and where no annual dues or premiums are required, and where members shall receive no money as profit or otherwise, except for permanent disability, shall not be deemed insurance companies. Revised Statutes, Chap. 32, Sec. 31; Opinion of Attorney General, December, 1884, page 13; Commercial League v. People, 90 Ill. 166–172.

The rules and regulations of a mutual society designed to secure, upon the death of a member, payment of moneys to those who are dependent upon him, should be liberally construed by the court, so as to effect its benevolent purpose, and should not be so construed as to defeat that purpose, if their language admits of any other reasonable construction. Ballou v. Giles, 7 N. W. R. 273.

Upon the death of a member of any such association, the administrator of the deceased member will in no case be entitled to moneys from said benefit fund for the creditors of the deceased.   Diedrich et al. v. The Madison Relief Association, 45 Wis. 79; Ballou v. Giles, 7 Northwestern Rep. 273; Hodges' Appeal, Chicago Legal News, August 21, 1880, page 421; Kentucky Masonic Mutual Life Insurance Company v. Miller, administrator, 13 Bush, 480.

Even if the by-laws of such an association should provide that the payment shall be made to his executor, such executor would hold the fund as trustee for the beneficiaries named in the charter, but not as general assets.   Daniels, executor, v. Pratt, 143 Mass. 216; American Legion of Honor v. Perry, 140 Mass. 580.

The term "legal representatives" does not always mean administrator or executor.   It may mean heirs, next of kin or descendants, and sometimes assignee or grantee.   The sense in which the term is to be understood depends upon the intention of the parties using it, and is to be gathered, not always from the instrument itself, but as well from the surrounding circumstances.   Loos v. John Hancock Mutual Life Insurance Co., 41 Mo. 538; Delaunay v. Bennett, 4 Gilm. 454; Morehouse v. Phelps, 18 Ill. 472; Warnecke v. Lembca, 71 Ill. 91; Bowman v. Long, 89 Ill. 19.

Mr. MARK MEYERSTEIN, for appellee.

We think that the questions at issue must be determined from the certificate of membership alone, and that all extrinsic evidence as to the object and purpose of the said Masonic Benevolent Association, as shown by the alleged constitution and by-laws, is wholly inadmissible to change the contract as set forth in that certificate of membership; and we candidly also state that it is now our judgment, that all the other extrinsic evidence introduced for the purpose of showing what was Murray's intention when he procured this life indemnity, is equally inadmissible.   We however insist, that if all this extrinsic evidence is a proper and legitimate subject to be considered by the court in determining questions of fact, it largely preponderates in favor of appellee.

We contend that the certificate of membership in evidence is nothing more nor less than a policy of insurance on the life of John H. Murray, deceased, issued in his lifetime. The Illinois Masons' Benevolent Society v. Charles E. R. Winthrop, Adm'r, etc., 85 Ill. 537; Masons' Benevolent Society v. Elizabeth Baldwin, 86 Ill. 479.

We claim that this certificate of membership is a contract entered into by the Masonic Benevolent Association of Central Illinois on the one part, and John H. Murray on the other part. By this contract the said association in substance promises and agrees, for a good and valuable consideration, to and with the said John H. Murray, his heirs, executors, administrators and assigns, well and truly to pay or cause to be paid to the devisees or legal representatives of the said John H. Murray, after due notice and satisfactory evidence of the death of the said John H. Murray, a certain amount of money.

The controversy in this case is not between that association and the payees of that certificate.

We contend that the term legal representatives in this policy means none other than the administrator or executor of the estate of John H. Murray, deceased.

While it is undoubtedly true that the term legal representatives may sometimes mean heirs, next of kin, assignee or even grantee, yet we claim it to be an inflexible rule of law, that the administrator or executor is the legal representative of the decedent as to all the personal estate. Louis Warnecke et al. v. Lembea, 71 Ill. 91.

Legal representative or personal representative in the commonly accepted sense means administrator or executor. Id. p. 92.

Wall, J. John H. Murray, of Roodhouse, in Greene County, Illinois, died intestate, leaving him surviving a widow, Lucy J. Murray, and one child, a son.

Prior to his death, and on the 28th day of November, 1884, he had taken out a certificate of membership in the Masonic Benevolent Association of Central Illinois. By said certificate of membership, the said association did promise and agree

to and with the said John H. Murray, his heirs, executors, administrators and assigns, well and truly to pay or cause to be paid to the devisees or legal representatives of the said John H. Murray, within thirty days after due notice and satisfactory evidence of the death of the said John H. Murray, and proof of interest, should be received at the office of the association, the amount of five thousand dollars, or one dollar for each member of the association at the time of his death, less the expense of collecting the same, not to exceed ten per cent.

Lucy J. Murray, the appellant, was duly appointed administratrix of the estate of said decedent, and collected and received from the said association the sum of $3,901.05. The said administratrix filed her report in the Probate Court of Greene County, Illinois, as administratrix as aforesaid, not charging herself with the said sum of $3,901.05. Benjamin D. Strang, a creditor of the estate, filed his exceptions to the administratrix' report, objecting to the same, among other reasons, because she had failed to charge herself with the said sum of $3,901.05.

Upon a hearing in the County Court of the exceptions to the report of the administratrix, the court overruled the objections and approved the report; whereupon Benjamin D. Strang took an appeal to the Circuit Court.

Upon the trial of said appeal in the Circuit Court, before the judge, without a jury, the court ordered that the said exception to the report of the administratrix be sustained, and that all other exceptions to said report be overruled, and that the said Lucy J. Murray, as administratrix, charge herself with all money received by her from the said Masonic Benevolent Association as part of the assets of the personal estate of John H. Murray, deceased, to be applied and paid out by her, as such administratrix, under the direction of the County Court of Greene County, Illinois, to reverse which order and judgment the said Lucy J. Murray brings her appeal to this court.

The question is as to the true construction to be given to the term "legal representatives" as used in the certificate of

Murray v. Strang.

membership. By that instrument the company did "promise and agree to and with the said John H. Murray, his heirs, executors, administrators and assigns, well and truly to pay or cause to be paid to the devisees or legal representatives of said John H. Murray," etc. It is to be noticed that the term "heirs, executors, administrators and assigns," are used, and also the terms "devisees or legal representatives" as though the two phrases did not necessarily refer to the same persons, and as a matter of law they do not, though it is true that the term "legal representatives," when referring to those who are entitled by law to the personal estate of a decedent, if there is nothing in the contract or circumstances to indicate otherwise, uniformly mean executors and administrators.

In ascertaining the meaning to be given to the expression the intention of the parties may be gathered not solely from the instrument but in part from the concomitant circumstances, the existing state of things and the relative situation of parties to be affected. Bowman v. Long, 89 Ill. 19; Johnson v. Van Epps, 110 Ill. 551; Redfield on Wills, Vol. 2, p. 402, *et seq.*

By the express language of its constitution the object of the company or association issuing the certificate was to provide pecuniary aid "for the widows, orphans, heirs and devisees of deceased members and for no other purpose whatever." It was not the ordinary case of life insurance offered by an insurance company to the public, but it was rather for the special use and benefit of persons belonging to the Masonic order and was limited to the pecuniary aid of their widows, orphans and devisees. The certificate, as understood by the company or association issuing it, must have been intended to carry out the object for which the association was instituted and the words in question were, no doubt, understood by the insurer in the sense contemplated by the constitution and in harmony with its objects.

Were they so understood by Murray, the insured?

He had shown him a copy of the constitution and was, no doubt, familiar with the designs and purposes of the organi-

zation, and was, probably, advised of the particular nature of indemnity offered by it. He stated at the time that he intended to take out a policy for the benefit of his wife and child.

It is true, there is some evidence, consisting of declarations made at an earlier date, tending to show a different purpose, but after carefully considering the whole case as it appears of record, we are inclined to hold that, according to the intention of the parties to this contract the terms "legal representatives" here mean, those who are such in the contemplation of the constitution of the company, viz., the widow, orphans and heirs of the deceased. It follows that the administratrix could hold the money, not for the benefit of creditors or of the estate generally, but for those who are the beneficiaries intended in the certificate. The judgment will be reversed and the cause remanded, with instructions to overrule the exceptions to the report and to affirm the judgment of the County Court.

*Reversed and remanded.*